(Hamilton County Court of Insolvency.) July Term, 1897.

## IN THE MATTER OF THE ASSIGNMENT OF THE DUHME COMPANY.

*Employes about a jewelry store whose duty it is to sell goods and care for the stock are entitled to the protection of Section 9355 making labor claims preferred liens.*

---

McNEIL, J,

An application has been made by the assignee therein for the instruction of the court as to whether certain claims for wages, earned within twelve months prior to the assignment, come withint the provisions of Section 6352 of our Revised Statutes. The parties asking payment of their claims were all in the employ of the assignee as salesmen, two of whom also acted part of the time as foremen in the factory. The duties required and performed by the parties were the taking of customers about in the jewelry store of the assignor, taking out goods from cases, showing them to the customers, making sales, returning goods to their proper places, and keeping the stock under their care in good, presentable condition.

The provision in Section 6355 for the payment of labor claims is as follows:

"And every person who shall have performed any labor as an operative it the service of the assignor shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not exceeding $300."

In the case of Davis v. Greenlee, 13 C.C., 231, our Circuit Court states that the purpose of the Legislature in enacting this provision of our statute was "to protect and prefer the claims of those who, as workmen or laborers, serve their employer in the house, field, factory or mine, or in other like service," and indicate that the language of the statute should receive a liberal construction.

The parties whose claims for wages are now under consideration were all employed by the Duhme Co. Their duties required them to take customers about in the store, take out goods from the cases, etc, show them to

customers, make sales, return goods to their cases, etc, and keep the stock in good, presentable condition. This was work that was necessary to the carrying on of the business, and for which they were paid weekly wages. It seems clear to me that they come within the purpose of the act as declared by our Circuit Court, and they need the protection of the law as much as the man who works in the factory; and, in my judgment, it would be the reverse of a liberal construction of the statute that would exclude them from its protection.

An order will be made directing the assignee to pay the claims.